UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAIC BRANDS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CVS HEALTH CORPORATION,<br><br>    Defendant. | Case No. 19-cv-01590-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE #2 AND #3**<br><br>Re: Dkt. Nos. 49, 50 |

      The motion to exclude evidence regarding lost profits is granted in part and denied in part. Hickey may not offer the analysis and conclusions from his expert report regarding the failure of the displays to arrive on time. That is not the proper subject of expert testimony, nor is it within his expert purview in any event. To the extent that Mosaic can, through other witnesses, present admissible evidence reflecting that analysis (which may partly depend on whether the evidence and witnesses were properly disclosed), Hickey may estimate lost profits based on that analysis so long as it is made clear to the jury that he is being asked to assume the validity of that analysis and is not offering his own testimony on that topic. Hickey may also estimate lost profits based on a comparison to the experience of Goody, Inc., again provided that his analysis does not include his own opinion about what displays arrived in which stores at what time. Whether the comparison is apt is an appropriate subject of cross-examination, but it is not a basis for excluding the opinion.

      With respect to the liquidation of the Goody, Inc. inventory, Hickey may assist the jury in deciphering the inventory spreadsheet but may not opine on whether CVS's conduct with respect to that inventory was consistent with its obligations under the contract. Hickey may also estimate

what Mosaic's profits would have been had the contract been extended for two years but, again, may not opine as to whether the terms of the contract required that extension.

**IT IS SO ORDERED.**

Dated: September 2, 2020

_____
VINCE CHHABRIA
United States District Judge